THE STATE, THE NORTH WARD NATIONAL BANK OF NEWARK, PROSECUTOR, PLAINTIFF IN ERROR, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK, DEFENDANTS IN ERROR.

1.  The provision of the constitution of this state, as amended, that " property shall be assessed for taxes under general laws and by uniform rules," *proprio vigore*, put an end to existing special legislation for the assessment of taxes.

2. An assessment of tax on the stock of a national banking association in this state, owned by a stockholder residing in the city in which the association is located, cannot be sustained by the presumption that the stockholder resided in the ward in which the association was located. It is the right of such stockholder, under the laws of this state, to have the assessment in such case made against himself.

In error to the Supreme Court. For opinion of Supreme Court, see 10 *Vroom* 380.

For plaintiff in error, *Joseph Coult.*

For defendants in error, *Henry Young.*

The opinion of the court was delivered by

THE CHANCELLOR. The proceedings in this cause bring up for review a judgment of the Supreme Court upon a *certiorari* in a matter of taxation, the assessment in 1876, of the tax on all the shares of the capital stock of the North Ward National Bank of Newark, to the bank itself, notwithstanding the fact that some of its stockholders were residents of this state. This method of assessment is undeniably in contravention of the express provisions of the supplement of April 1st, 1869, to the tax law of the state, (*Rev., p.* 1160, § 99,) so far as the stockholders who reside in this state are concerned. That supplement provides that every person shall be assessed in the township or ward where he resides, for all shares of the stock of any national bank in this state, or of any bank authorized under the laws of this state, owned by him, or in his possession or control as trustee, guardian, executor, or administrator ; and in case such owner, trustee, guardian, executor, or administrator shall be a non-resident of this state, then, and in that case, such banks shall be assessed to the amount of such shares so owned or held by non-residents, in the manner provided by statute in the case of other corporations. The assessment, however, was not based on that act, but on the sixteenth and seventeenth sections of the act of 1866. That section, indeed, was repealed by the

act of 1869, but the defendants in error claim that, as to the city of Newark, it was substantially re-enacted by a supplement to an act relating to the assessment and revision of taxation in the city of Newark, approved in 1872, (*Pamph. L.*, *p.* 1165,) by which the sixteenth and seventeenth sections of the law of 1866 were declared to be in full force and effect, so far as related to that city. Those sections provided for the assessment of tax on the stock of banks to the stockholders in their respective townships or wards where the banks were located, and made it the duty of the banks to retain and pay the tax assessed to each stockholder out of the dividends, and made the tax a lien on the stock of the stockholder, and provided that it might be levied on and sold for the tax. *Pamph. L., p.* 1085. The provision of the constitution of this state, as amended, that "property shall be assessed for taxes under general laws and by uniform rules, according to its true value," was fatal to the special provision of the supplement to the Newark tax law. It, *proprio vigore*, repealed it, and thereupon the law of 1869 became the rule of taxation of bank stocks in Newark.

The assessment upon the bank of the tax on the shares of resident stockholders can, therefore, derive no support from the act of 1872. The Supreme Court so held, but while it so adjudged, it sustained the assessment as to all stockholders who resided in Newark when it was made, on the ground that they were taxable for their stock at their places of residence, and it did not appear but that they all resided in the ward in which the bank was located. This reason appears to me to be entirely insufficient to excuse what is an undoubted departure from the plain provisions of the law—a departure substantially affecting the rights of the stockholders. By the Revised Statutes of the United States, p. 1015, § 5219, it is provided that nothing therein shall prevent all the shares in any national banking association from being included in the valuation of the personal property of the owner or holder of such shares in assessing taxes imposed by authority of the state within which the association is located; but that the

legislature of each state may direct the manner and places of taxing all the shares of national banking associations located within the state, subject only to the two restrictions, that the taxation shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such state, and that the shares of any national banking association owned by non-residents of any state shall be taxed in the city or town where the bank is located, and not elsewhere. The states, then, have the power to tax the stock of any national banking association in such manner and at such places as their legislatures may direct, subject to the restrictions above mentioned, as to discrimination against them, and the place at which shares of non-residents shall be taxed. The act of 1869, of the legislature of this state, directs in what manner and at what place the taxation of the shares of the stock of the national banks in this state shall be imposed.

Every stockholder resident here is to be assessed for his shares in the township or ward where he resides. Incidental to this taxation is his right to a deduction in respect of debts *bona fide* due and owing from him to creditors residing within this state. This right is liable to be affected by assessing his stock against the bank. He would be deprived of it entirely, if all his property were in the stock. But it is enough to say that it is his right, under the law, to have the assessment of tax upon his property, held in his own name, made against himself, and it cannot lawfully be made against any one else.

The bank, too, has rights in the premises. If the tax is illegally assessed against it, and it pays it, it cannot recover it from the stockholders. The payment would be an unjustifiable use of the funds of the bank. Nor can the suggestion that, in the case under consideration, it does not appear that the Newark stockholders, as to whose stock the assessment has been sustained, do not reside in the ward in which the bank is located, avail to support the assessment as to that stock. The assessment is not against them at all, but against the bank. The intendment is not introduced to support an assessment against the shareholder, but an assessment of his

property against another person, and it is no more available to sustain the assessment when made against the bank, than it would have been had it been made against a stranger to him, residing anywhere in Newark.

The plaintiff in error insists that the assessment against the bank, so far as the shares of non-resident stockholders are concerned, should also be set aside, because of the injustice which it works against the resident stockholders, who, it is argued, will thus, if the assessment be sustained, be compelled by law to pay tax on their own stock, and also to pay their proportion of the tax on the shares of the non-resident stockholders. But, in the first place, the injustice apprehended, would not exist, for the bank may recover from the non-resident stockholder the tax which, under the law, it is compelled to pay for him. And again, it is enough to say, that if the injustice would indeed exist, that would not be a sufficient reason for refusal to execute the law. The legislature has delared that the tax on the shares of non-resident stockholders shall be assessed against and paid by the bank ; if this were, in fact, unjust to the resident stockholders, that consideration would not avail to induce this court to refuse to recognize the validity of the law. The remedy for the injustice would be with the legislature. *State* v. *Branin,* 3 *Zab.* 484, 494, 495.

I am of opinion that, for the error as to the assessment against the bank for the shares of stockholders resident in Newark, the judgment should be reversed.

*For affirmance*—DIXON, WALES.    2.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, KNAPP, REED, WOODHULL, DODD, GREEN, LILLY.    8.